Appeal from a verdict rendered by a jury at a Trial Term, Supreme Court, Warren County. Plaintiff is employed as a laborer by the State Department of Public Works in a highway maintenance crew. After plaintiff and other members of the crew had reported for duty and during working hours, they undertook to move a refrigerator owned' by defendant, who was a fellow employee, in a truck also owned and driven by defendant. In the course of this operation plaintiff was injured and subsequently this action for negligence was instituted. The defense that the accident occurred in the course of employment and hence a claim for workmen’s compensation was the exclusive remedy presented a triable issue and the court was justified in submitting it to the jury and in declining to decide it in plaintiff’s favor as a matter of law. The jury could have found that it had been the practice of members of the maintenance crew on some occasions to draw material for each other’s personal use during working hours; and could have found that the foreman asked plaintiff to help load the refrigerator on the truck and to hold it on the truck, in which operation the injury occurred. The court, therefore, properly instructed the jury that if it found the accident had occurred in the course of employment a verdict for the defendant should be returned. The charge submitted the issue fairly. The plaintiff-appellant not only took no exception to this submission, but expressly *945 advised the coart he had no exception to the charge. Upon appeal he objects to the submission of this issue as well as the issue of negligence of the defendant and of contributory negligence of the plaintiff together for resolution by the jury by a general verdict. This is the usual way that several factual issues are tó be resolved in an action at law; and a special verdict was neither asked for nor ordinarily would be required in these circumstances. There was nothing unusually complicated about the problem presented to the jury to he determined by a general verdict which, indeed, is required by law in this kind of an action and a special verdict would merely supplement the general verdict required by the practice. It is not argued that the verdict is against the weight of the evidence on negligence or contributory negligence and in any event our examination of the record leads us to think that the verdict for the defendant is justified on the weight of evidence. No error of law requiring reversal has been demonstrated. Judgment affirmed, with costs.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.